IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOVAN LOVATO, Individually, and
as Personal Representative of THE
ESTATE OF VERA ANN HASKELL,

      **Plaintiff,**

vs.               Civ. No.  10-432 JH/LFG

**ALBUQUERQUE POLICE OFFICER
SERGEANT ANDREW GALLEGOS, In
His Official Capacity As An Employee of the
City of Albuquerque, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion for Remand to the Second Judicial District Court of New Mexico* [Doc. No. 7]. Plaintiff contends that the removing Defendant, the City of Albuquerque ("the City"), failed to follow proper removal procedures as required by 28 U.S.C. § 1446.  The City did not respond to the motion.  However, the City's co-defendant, PS Cowboy Incorporated ("PS Cowboy"), did respond, and the Plaintiff filed a reply.  After reviewing these documents, the relevant removal statutes, and applicable precedents, the Court concludes that the motion should be granted and the case remanded to state district court.

## BACKGROUND

On April 2, 2010, Plaintiff filed his original complaint in the Second Judicial District Court of New Mexico, Bernalillo County.  The original complaint asserts claims under the New Mexico Wrongful Death Statute, the New Mexico Tort Claims Act, the New Mexico Licensee's Liability Act, as well as federal civil rights claims under 42 U.S.C. §§ 1983 and 1988.  According to Plaintiff, he served the City with the complaint on April 2, 2010.  There is nothing in the record to contradict

Plaintiff's assertion. The record before the Court contains no affidavits or returns of service indicating when service took place. Then, on April 5, 2010, Plaintiff filed his First Amended Complaint, also in state court, which contains essentially the same legal claims as the original complaint. There is no indication in the record currently before the Court regarding when, if ever, Plaintiff served the First Amended Complaint on any Defendant. On May 4, 2010, the City filed its Petition for Removal with this Court. In that pleading, the City avers that it filed its notice of removal "within thirty days after receipt of the Summons and First Amended Complaint." The City does not state with specificity when it received the First Amended Complaint. In its Petition for Removal, the City also fails to state (1) whether or not any other defendant has been served and, if so, whether that defendant consented to the removal; and (2) what reasonably diligent efforts it made to determine whether its co-defendants had been served.

## DISCUSSION

Plaintiff moves to remand the case to state court on the grounds that there are two fatal defects in the City's removal procedure. First, he contends that the City failed to remove the case within the statutory time for removal, and second, he argues that the City failed to obtain the required consent of all served defendants prior to removing the case to this Court.

**I.    TIME FOR REMOVAL**

The time for removal of a civil case is governed by 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Based on this statute, the City was bound to file its notice of removal within 30 days of its receipt

of service of the original complaint, which set forth all of Plaintiff's claims for relief, including the federal civil rights claims that formed the basis for Defendants' right to remove the case to federal court. Though the record contains no written evidence of the date Plaintiff served the City or any other defendant with the original complaint, in his motion to remand Plaintiff asserts that he served the City on April 2, 2010. The City has not come forward to contradict this version of events.[1] The removing defendant bears the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'").

Thus, the City should have removed the case within 30 days of service of the complaint, or no later than May 2, 2010. However, May 2, 2010 was a Sunday, and therefore the City had until May 3, 2010 to file its removal papers. *See* Fed. R. Civ. Pro. 6(a)(1)(C). It failed to do so until the following day, May 4, 2010. This one day delay is fatal to the City's removal efforts. "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). Accordingly, the time to remove the case had passed, and the removal was untimely. For this reason, the motion to remand will be granted.

## II.     CONSENT OF ALL SERVED DEFENDANTS

As an alternative ground for his motion to remand, Plaintiff argues that the City failed to obtain the consent of all defendants prior to removing the case to federal district court. When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective. The failure of one defendant to join in the notice renders the removal notice

---

[1] While co-defendant PS Cowboy did respond to the motion to remand, it did not address the timeliness issue.

procedurally defective, which requires that the district court remand the case. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

In its response to the motion to remand, PS Cowboy relies upon an opinion from this district, *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172-73 (D.N.M. 2007) (Vazquez, C.J.). Citing *Brady*, PS Cowboy argues that a defendant who has not been served with process is not required to join in a notice of removal, and that a removing defendant is merely required to exercise reasonable diligence to determine whether a co-defendant has been served. Oddly, PS Cowboy does not state when it was served, only that it did not answer the complaint until May 25, 2010, about three weeks after the City removed the case to this court. According to PS Cowboy, this was the first date upon which the City could have ascertained that PS Cowboy had been served. And, PS Cowboy indicates that had the City contacted it, PS Cowboy would have consented to the removal. Thus, reasons PS Cowboy, "assuming the City exercised reasonable diligence," in determining whether any other defendant had been served, then the removal was proper.

Of course, it is the City's burden alone to show that it exercised reasonable diligence in determining whether or not any other defendant had been served prior to filing its notice of removal. This the City has not done, either in its Notice of Removal or by responding to the motion to remand. For this reason, the City's Petition for Removal, which is silent as to the consent or non-consent of PS Cowboy, is defective on its face. The City's Petition for Removal is defective for the additional reason that it does not state whether or not co-defendant Andrew Gallegos consented to the removal.

For these alternative reasons, the motion to remand should be granted.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Remand to the Second Judicial District Court of New Mexico* [Doc. No. 7] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**